2

Appendix A: Interim Compliance Report (submitted to the Court on September 26, 2016)

June 8, 2017

# City of Meridian, MS
## Settlement Agreement
### Civil Action No. 3:13-CV-978-HTW-LRA
### Interim Compliance Report

**Independent Auditor:**
**Chief Rodney Monroe (ret.)**



September 26, 2016

# INTRODUCTION

In March 2016, the Court selected Rodney Monroe and the Police Foundation as the Independent Auditor(s) for the Meridian Police Department (MPD) in Civil Action No. 3:13-CV-978-HTW-LRA. The Auditor is tasked with working with the Meridian Police Department to ensure compliance with provisions outlined in the Settlement Agreement associated with the case.

Since that time, Chief (ret.) Monroe and the Police Foundation have held conference calls, made materials requests, and reviewed MPD documentation to begin to better understand the current level of compliance with Settlement Agreement provisions. On July 17-20, 2016, Chief Monroe, and a member of the U.S. Department of Justice made the first compliance review site visit to Meridian, Mississippi and the Meridian Police Department.

This report outlines compliance findings and recommendations for moving the MPD toward full compliance in the substantive measures of the Settlement Agreement.

# COMPLIANCE LEVEL DEFINITIONS

Each provision within the settlement agreement has been given a compliance assessment rating ranging from non-compliance to substantial compliance, as defined below.

- **Non-compliance** - The MPD has made no notable progress in achieving compliance on any of the key components of the provision.

- **Beginning compliance** - The MPD has made notable progress in achieving compliance with a few, but less than half, of the key components of the provision.

- **Partial compliance** – The MPD has made notable progress in achieving compliance with the key components of the provision, but substantial work remains.

- **Substantial compliance** - The MPD has met or achieved all or nearly all the components of a particular provision.

## SUMMARY OF INDEPENDENT AUDITOR'S FINDINGS

As the Independent Auditor, I conducted my initial compliance review on July 17-20, 2016. The on-site visit provided me the opportunity to meet with representatives of the Meridian Police Department (MPD), including the Chief of Police, along with several sworn and civilian staff members representing several of the substantial remedial areas of focus within the Settlement Agreement.

The initial on-site compliance review was an opportunity to discuss elements of the Settlement Agreement with senior command staff and to bring greater awareness to addressing all elements and achieving full compliance. Our initial meeting also allowed us to agree to be open, collaborative, and transparent with one another in working toward achieving substantial compliance. Prior to my visit, I requested and received several documents for review directly associated with the substantive remedial measures agreed upon within the Settlement Agreement. Documents reviewed are specific to the areas identified within the Settlement Agreement. A detailed list of materials reviewed can be found in the next section of this report.

During the initial compliance review, I personally and independently reviewed each of the above substantive areas and assigned an initial level of compliance. This initial assessment is based on the review of several documents which included the three current policies entitled, "Handling Juveniles," "Guidelines for Status Offenders," and "Procedures for Detaining Juveniles." In addition, I reviewed the 2015 training curriculum entitled, "Procedures for Handling Juveniles." The curriculum focused mainly of the handling of juveniles in custody of the MPD. It should be noted that this training was only provided to officers of the Department, no command officials attended. Additional documents reviewed included arrest reports, juvenile jail logs, juvenile investigative reports, calls for service records, a draft MOU between the Meridian Public Schools District, (MPSD) and random custody orders obtained by MPD personnel (a comprehensive list is included in the next section).

Several interviews were also conducted with key leaders and responsible persons for several substantive areas during the on-site compliance visit. Interviews included the Chief of Police, Assistant Chief of Police, Commander of Training Division, Commander of Criminal Investigations, Juvenile Investigators, Commander Internal Affairs, Shift Commanders, City Attorney, and civilian support staff responsible for maintaining records. These interviews not only allowed for the gathering of information, but also made senior staff aware of all requirements of the Settlement Agreement and learn the process of documenting and monitoring progress toward achieving compliance. Several of the command staff had not seen the Settlement Agreement, nor were they aware of the substantive areas agreed upon by the City of Meridian and the Department of Justice (DOJ). All interviewees were welcoming, and open regarding their duties, practices, and responsibilities. Each provided direct responses to my questions and showed a willingness to share information. All were very responsive during the interviews and to any requests for follow up documentation.

The MPD has taken some steps toward addressing key areas within the Settlement Agreement, including no longer responding to Meridian schools for the purpose of arresting or transporting juveniles solely at the request of MPSD officials. During my review of calls for service reports, I noted that the MPD no longer routinely responds to Meridian schools.

September 26, 2016

The Meridian Public School District (MPSD) has created its own internal police department within the MPSD. Calls for service records spanning over the past two years clearly show that the MPD has taken the necessary steps to significantly reduce the number and types of calls that officers will respond to on school property. However, the only documentation which reflects this change of policy is an amendment to a policy dated August 23, 2012, authored but not signed by a former Chief of Police. The policy amendment states, in part, that MPD shall only respond to MPSD for "incidents involving the commission of a felony, physical violence, or weapons."

A draft Memorandum of Understanding (MOU) currently exists between the MPD and the Meridian Public School District. The MOU outlines all the substantial areas of the Settlement Agreement. The draft has been circulated to both parties, and the final draft is in the hands of the MPSD. There has been no movement on the MOU for several months. I requested an interview with key partners within the Meridian Public Schools District, including the current MPSD Chief of Police, School Resource Officers, Superintendent of Schools, and Teachers. My request was based on obtaining an update on the draft MOU, and to discuss other key elements of the Settlement Agreement.

I held a conference call with the Meridian School Board Attorney and DOJ representatives on July 15, 2016, to discuss the scheduling of interviews with the aforementioned MPSD personnel. During that call, I was advised by the attorney that they would not be cooperating in our review and would not be making any of their employees available for interviews.

The MPD has begun to develop an internal policy that addresses several facets contained in the draft MOU. I will continue to reach out to the MPSD to solicit their cooperation in conducting my review. Although I believe the majority of members of the MPD recognize changes have occurred in their response to handling juveniles within the MPSD, the need for written policies and training in several areas of the Settlement Agreement are necessary to institutionalize these changes.

A review of all calls for service to MPSD properties during the previous 18 months show only a few cases in which MPD took direct action. One call involved a juvenile who did not attend the school arrested for the possession of a stolen firearm, and another involved a theft which only required a police report to be taken.

Several juvenile arrest reports and jail logs were reviewed. Reports dating January 2011 thru January 2012 showed a significant number of arrest emanating from school locations. However, January 2012 thru March 2014, reports show a significant reduction in school related arrest. No juvenile arrest records after January 2012 showed arrest by Meridian Police for "disciplinary" type offenses. The arrests records reviewed did show, in a majority of the cases, that a parent or guardian was properly contacted. Several of the records also showed that Miranda rights were given to the juvenile.

There are several areas in which MPD remains non-compliant, and will require significant work in order to come into compliance with the Settlement Agreement. Those areas include:

September 26, 2016

4

- Development of written policy that directly indicates what types of incidents involving juveniles on MPSD property require an MPD response, as well as how and when MPD officers should respond.
- Development of training curricula that ensures all officers and officials are familiar with the Settlement Agreement measures that are incorporated into MPD policies. Additional development and training is needed in the areas of:
  - De-escalation techniques;
  - Conflict Resolution;
  - Child and Adolescent Development; and
  - Bias Free Policing.

- Updated policies and procedures for the handling of citizen complaints involving MPD responses to, and arrests at MPSD facilities.
- Public access to, and filing process for citizen complaint forms to include a tracking system for complaints arising from school-based arrest.
- Specific juvenile data collection pertaining to the number of juveniles referred to MPD by MPSD and the number of arrests arising out of school-based behavior.
- Development and implementation of a community input program.

We continue to hold bi-weekly conference calls with key members of the Meridian Police Department Team. The calls are utilized to follow up on tasks, exchange information, conduct further interviews, and review additional documentation. We will be establishing due dates for completing tasks to ensure timely completion of tasks to come into substantial compliance with Settlement Agreement provisions.

My next on site compliance review visit should take place during the month of November 2016.

September 26, 2016

5

- MPD School Based Arrest Policy (Draft)
- US District Court, Southern District of Mississippi, Complaint, Civil No. 4:12 CV-00168-HTW-LRA, Filed October 24, 2012
- MPD Standard Operating Procedure, Special Order 99-004, Operating Procedures for Dispatch
- State of Mississippi Instructor Certificate for Deborah Young
- MPD Miranda Rights Card
- MPD General Order 98-033, Office of Internal Affairs, 2/24/1999
- Amendment to MPD Procedures for Responses to MPSD, 08-23-12
- Amendment to MPD Procedures for Responses to MPSD, 08-23-12
- Amendment to MPD Procedures for Responses to MPSD
- MPD Calls for Service log
- MPD Guidelines for Juvenile Status Offenders
- MPD Juvenile Procedures Policy
- MPD Law Enforcement Responsibilities Juvenile Prevention Act
- MPD and Meridian Public School District Police Department (MPSDPD) Draft Memorandum of Understanding
- MPD Grievance Form
- MPD Juvenile Law Curriculum
- MPD Incident and Arrest Reports
- MPD Juvenile Training Materials
- Perez, Thomas Letter to Phil Bryant and Jim Hood, 6-28-12
- MPD Rules and Regulations, Code of Conduct
- Mississippi State Juvenile Guidelines
- Youth Court Statutes
- MPD Juvenile Arrest Reports, 2011 through 2016
- MPD Juvenile Jail Arrest Logs
- Meridian Public Schools Calls for Service 2015-2016
- MPD General Order 98-001, Code of Conduct
- MPD School-based arrest report matrix, August 2012-June 2016
- Reviewed MPD General Order 98-022, Rights in Custody
- City of Meridian Website
- New Parental Notification Cards
- New Departmental Personnel Roster
- Communication Division Operating Procedures
- First Report of the Probation Services Independent Auditor *U.S. v. City of Meridian, et al.* Civil Action No. 3:13-CV-978-HTW-LRA

September 26, 2016

6

# SUBSTANTIVE REMEDIAL MEASURES

The below matrix provides detailed descriptions of initial findings and identifies paths forward for achieving greater compliance in certain areas.

## A. SCHOOL ARRESTS AND PROBABLE CAUSE

### 1. Policy and Practices

a. Within 90 days of the effective date, the Meridian Police Department shall have adopted practices, policies, procedures and training [regarding school-based arrest] consistent with the principles enumerated in Section III.A.1.a of the Settlement Agreement:

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| Interviews with Chief of Police Dubose & A/C Sharpe. | Chief Dubose & A/C Sharpe stated they have instructed members of the MPD not to respond to MPS to make arrests. | Verbal directions need to be converted to written policies and directives. Policy should reflect critical issues within the Settlement Agreement. Officers must be trained on the policy. | Partial Compliance |
| Reviewed draft copy of Memorandum of Understanding (MOU) between Meridian Police Department (MPD) and Meridian Public School District Police Department (MPSDPD). | MOU is not yet finalized.<br><br>MOU requires more specificity and clarity on relationship and procedures between MPD and MPSD. | Finalize MOU between MPD and MPSDPD.<br><br>MOU & policy should address procedures for handling request for police services at all MPSD locations.<br><br>MOU & policy should define what constitutes a school-based arrest. | |

8

| | | |
|---|---|---|
| | | MOU & policy should define notification process to MPSDPD when conducting law enforcement related matters on MPSD property.<br><br>MOU and policy must contain verbiage that addresses Off-Duty Meridian Police Officers working for the MPSD as school resource officers (SROs). Duties and responsibilities must be clearly defined. |
| Reviewed unsigned policy amendment to Juvenile Procedures Policy. Dated August 23, 2012. | Policy does not include language prohibiting SROs from effecting arrest on behalf of MPD. | Policy and MOU must contain language prohibiting MPSPD SROs from effecting arrest on behalf of MPD. |
| Reviewed Juvenile Jail Arrest Logs from 2011 to 2016. | Identified only one school based arrest in 2016 of a juvenile. The juvenile did not attend the school at the time of arrest. He was charged with possession of a firearm. The arrest occurred on school property and the arrest was made by SRO Reese and assisted by MPD/Det. Young. This arrest occurred March 4, 2016.<br><br>Identified 12 arrests of juveniles occurring on school property (based on address) January 2012 thru December 2015 by MPD Officers. Since the end of 2012, the majority of school-based arrests were made by MPSDPD. | Juvenile Jail Arrest Log should be revised to include a section that denotes if the arrest occurred at a school. |

September 26, 2016

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| Reviewed various calls for service for each MPS location during 2015-2016. | No calls appear to have resulted in arrest and transports of juveniles. Majority of the calls were during non-school hours. Several calls represented False Alarm calls. | Policy and MOU needs to contain parameters for responding to calls for service at MPSD locations. | |
| Reviewed MPD Rules and Regulations (pg.18) Code of Conduct. | States that complaints against officers arising out of off-duty employment **may be** investigated by Internal Affairs. | Should be updated to state that violations and complaints arising from school-based arrests or complaints **shall** be investigated by Internal Affairs. | |

(i)   Specifically, officers shall only conduct school-based arrests of juveniles under the following circumstances:

a. Officers have probable cause, to the extent required by law, to believe that a juvenile has committed a felony; or

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| Reviewed Juvenile Arrest Reports and Juvenile Jail Log Book 2011-2016. | Arrest reports show probable cause in all arrest reports reviewed. School Based Juvenile Arrest Report dated 3/16/16, a juvenile was arrested at Meridian High School for Possession of Stolen Firearm, probable cause existed. | Include in written policy, MOU, and training on policy and MOU. | Partial Compliance |

September 26, 2016

9

b. A criminal offense that involves a real and immediate threat to students, teachers, or public safety; or

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| Reviewed juvenile arrest report dated 3/16/16. | Arrest reports show compliance. A juvenile was arrested at Meridian High School for possession of stolen firearm. | Include in written policy, MOU, and training on policy and MOU. | Partial Compliance |

c. A misdemeanor or other indictable offense occurs in the officer's presence, except for offenses identified in (iii)[a]; or

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| Draft Policy being developed | Process of reviewing draft policy | Include in written policy, MOU, and training on policy and MOU. | Partial Compliance |

d. A judicial warrant or custody order specifically directs the arrest of a student in a school.

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| No records or evidence were yet provided to the Auditor to review. | Awaiting documents | Review documents | Non Compliance |

(ii) Officers shall avoid executing a judicial warrant at a school. A felony warrant may be executed at a school when it is not practical to conduct the arrest at alternative locations.

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| No records or evidence were yet provided to the Auditor to review. | City Attorney and Police Chief has agreed to provide Custody Orders/Warrants in their possession for review. | Awaiting documents | Non Compliance |

(iii) Officers shall not respond to requests for school-based arrests for behavior that is appropriately addressed as a school discipline issue, including incidents involving:

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| Reviewed calls for service reports. | Calls for service reports from 2015-2016 showing only one arrest occurring on MPSD property.<br><br>Majority of MPD responses to MPSD involved calls after school hours, alarms, no calls represented disciplinary issues. | Include in written policy, MOU, and training on policy and MOU. | Partial Compliance |

a.   Public order offenses including disorderly conduct, disruption of schools or public assembly, trespass, loitering, profanity, dress code violations, and fighting that does not involve serious physical injury or a weapon.

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| Reviewed MPD General Order: 98-001 Code of Conduct | Reads: W. Arrest, Search and Seizure – employees shall not make any arrest, search or seizure which they know, or should know in the totality of the circumstances, is not in accordance with law and Departmental procedure. | Include in written policy and MOU. | Partial Compliance |
| School-based arrest report matrix reviewed. August 2012-June 2016 | Report showed 6 arrested in 2012 and 2013, for Disorderly Conduct. All arrest data shows a SRO as the arresting officer. MPD SRO: Thompson/one arrest MPSD SRO: Reese/two arrests MPSD SRO: Shepherd/two arrests MPSD SRO: Pierce/one arrest | | |

b.   Officers must document in sufficient detail the basis for any school-based arrest, including any factors that justify arresting the youth at school and factors that support a determination of probable cause:

(i) Officers must provide Miranda warning as soon as a juvenile is placed in a situation where a youth, based on the youth's mental and psychological maturity, would reasonably believe they are free to leave.

September 26, 2016

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| Officers and other MPD officials interviewed. | Several officers and officials interviewed stated Miranda rights are only given for felony offenses. Miranda is not given for misdemeanor arrests. | Include in written policy and MOU that all Juveniles arrested shall be given Miranda rights regardless of whether the offense is a misdemeanor or felony. | Non-Compliance |
| Reviewed MPD General Order 98-022 "RIGHTS IN CUSTODY." | GO 98-022: RIGHTS IN CUSTODY Reads: (Must be posted where child may see them) A. When an officer takes a child into custody whether with or without a custody order, he shall immediately inform the child of: (1) his/her Miranda rights (2) The reason for his/her custody. | Attach signed Miranda Rights Card[1] to Investigative Report.<br><br>Awaiting documentation of every officer receiving Miranda Rights Card to be carried at all times. | Partial Compliance |

(ii) Officers must notify the juvenile's guardian of the arrest as soon as practicable, generally no more than three hours after the arrest. If a parent is not notified within three hours, the arresting officers must document, in writing, the reason for the delay.

---

[1] The Miranda Rights Card is a card carried by officers that explains a citizen's rights during police questioning.

September 26, 2016

13

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| Reviewed MPD General Order 98-022, "Rights in Custody." | States: "....(2) Make sure that the parent or guardian of the detained child has been notified of the child's location, the charge against him/her and any instructions to the parent or guardian concerning the disposition of the child." (3) availability of a telephone to call his/her parent or guardian, his/her attorney and personnel of the Youth Court and thereafter the right to telephone his/her attorney or personnel at the Youth Court at reasonable intervals and that he/she may be visited by his/her attorney and authorized personnel of the Youth Court at any time. (4) If no parent or guardian can be contacted immediately, contact Youth Court Judge, Referee or Designee...." | Include 3-hour time period to notify parent or guardian  Arrest Reports shall reflect the time, date, and parent/guardian notified. | Partial Compliance |

(iii) Officers shall only interview a detained youth in the presence of the juvenile's guardian or attorney.

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review) |
|---|---|---|---|
| Reviewed MPD General Order 98-022, "Rights in Custody." | Reads: "B. No officer shall interview or interrogate a child held in a detention or shelter facility without approval from the Judge or his designee and, if the child has a lawyer or a legal guardian, they must be present or consent." | Written policy must also state that all Juvenile arrestees are given Miranda rights before the interview or interrogation.<br>Review directive being drafted associated with Chief Dubose issuance of Rights Cards to all officers. | Partial Compliance |

September 26, 2016

15

## 2. Training.

a. Within six months of the effective date, Meridian Police Department shall provide officers with pre-service and annual in-service training regarding interactions with juveniles while on Meridian Public School District premises, including de-escalation techniques, conflict resolution, child and adolescent development, and age appropriate responses and bias-free policing.

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| No training materials to review. | No training materials to review. | Identify and develop training curriculum in the areas of de-escalation, conflict resolution, child and adolescent development, and bias-free policing. | Non Compliance |

b. This training shall be conducted by qualified instructors.

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| Awaiting CV for identified trainers to provide instruction in the areas of de-escalation, conflict resolution, child and adolescent development, and bias-free policing. | MPD has a certified trainer experienced in juvenile procedures. Reviewed Instructor Certificate. | Ensure trainers are certified to provide training in areas of de-escalation, conflict resolution, child and adolescent development, and bias-free policing. Identify additional trainers. | Non Compliance |

c. MPD shall provide roll call trainings regarding these policies as needed.

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| No curriculum to review. | No curriculum to review. | Develop Curriculum | Non Compliance |

September 26, 2016

16

d. MPD shall document that all officers have received the required training.

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review) |
|---|---|---|---|
| No curriculum to review. | No curriculum to review. | Develop Curriculum | Non Compliance |

## 3. Civilian Complaints & Discipline.

a. Within six months of the effective date, MPD shall ensure that an effective process is in place to consider complaints regarding MPD conduct in the schools, including school-based arrests. MPD shall ensure that community members, including students, parents and guardians, have access to complaint forms to express concerns about MPD. To achieve this outcome, MPD shall ensure that complaint forms are available from the MPD and at City Hall, public libraries, and police stations. MPD shall also make the complaint form available on its website and work with MPSD to make forms available in schools.

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come Into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| Awaiting Complaint Process summary– no formal complaint policy identified to date. Awaiting citizen complaint documents. | | Policy must be developed and should outline complaint process from submission through investigation to officer discipline/accountability. | Non Compliance |
| Reviewed the MPD GO 98-001 Code of Conduct, Section I | Reads: "I. Citizen Complaints – Employees shall courteously and promptly notify the appropriate supervisor of any complaint made by a citizen against any employee of the Police Department. Employees may attempt to resolve the complaint, but shall never attempt to dissuade any citizen from lodging a complaint against an employee or the Department. Employees shall follow established Departmental procedures for processing complaints." | Eliminate requirement to have complaint form notarized prior to submission, which will allow complaint forms to be placed online and at other locations.

Greater clarity and accountability towards handling citizen complaints to include filing, assigning, investigating, and follow up | |

b. MPD shall specifically track complaints arising from school-based arrests.

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| Reviewed MPD General Order 98-001, "Code of Conduct, Section I" | Reads: "Employees shall courteously and promptly notify the appropriate supervisor of any complaint made by a citizen against any employee of the Police Department. Employees may attempt to resolve the complaint, but shall never attempt to dissuade any citizen from lodging a complaint against an employee or the Department. Employees shall follow established Departmental procedures for processing complaints." | Develop written policy and process for tracking complaints | Non Compliance |

c. MPD shall routinely assess the need for improvements to its training based on these complaints.

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| No identifiable materials to review. | No process identified. | Policy should include that MPD should routinely assess improvements based on juvenile complaints. | Non-compliance |

d. Officers who violate MPD's juvenile arrest policies shall be held accountable through the department's disciplinary system

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| Review MPD GO 98-001, "Code of Conduct," Section C | GO Code of Conduct States: C. Employees shall immediately report to a supervisor any violation of this Order that comes to their attention. Supervisors shall take immediate steps to correct a violation of this Order when it comes to their attention, regardless of the supervisor's or violator's assignment or rank within the Department. | Policy does exist. However, juvenile arrest policy should state within the juvenile procedures section that, "a violation of this policy can and will result in disciplinary action." | Partial Compliance |

## 4. Data Collection.

a. MPD shall collect statistical data on the number of juveniles referred to the MPD by the MPSD and the number of arrests that arise out of behavior allegedly occurring in the Meridian public schools or at school events, including age, race, gender, and alleged misconduct

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| Provided with and reviewed one computer report generated by MPD on July 19, 2016 that captured school based juvenile arrests from January 2011 to June 2016. | Need more structured, consistent process for collecting and tracking statistical data. | Develop format for data collection and tracking to include: Age, race, gender, and alleged misconduct for all juvenile arrests.<br><br>Report should be generated and submitted to chief quarterly. | Non Compliance |

b. This data shall be made public on the City's website on a semi-annual basis.

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| City's website reviewed. | Data not made public on the City's website. | Compile data and place online at least semi-annually. | Non Compliance |

September 26, 2016

21

## 5. Coordination with Meridian Public School District Police Department.

a. Consistent with paragraph 92 of the MPSD/EOS Agreement, within 90 days of the effective date, the City shall seek a Memorandum of Understanding (MOU) between the MPSDPD and the MPD that delineates authority and specifies procedures for effectuating arrests of students while on school grounds.

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review)* |
|---|---|---|---|
| Reviewed draft Memorandum of Understanding | MOU needs to be clarified and finalized. | Modified and signed by both parties.[2]<br><br>Include references to SROs | Partial Compliance |

### Coordination with Meridian Public School District Police Department Notes:

Recommendations for inclusion in MOU (made to Chief Dubose via Chief Monroe during site visit) include:
Section: School Arrest and Probable Cause

- State how notification is to be made to MPSDPD and MPD when a law enforcement issue comes to the attention of MPD officers at schools.
- State who within MPSDPD and MPD should be notified.
- State whether notification shall be made prior to an arrest.
- Define what would constitute a "Threat to Public Safety".
- Clarify with examples circumstances when an arrest can be made at school versus being made at an alternative location.
- Requirement documentation as to why an arrest occurred at school.
- Officers must provide written justification and obtain a supervisor's approval prior to requesting a Custody Order/Warrant which allows for an arrest to occur at school.
- MOU must be specific as to duties and responsibilities of MPD/SRO officers assigned to schools.
- MPSDPD shall establish a process for conveying complaints to MPD against MPD/SROs assigned to schools.

---

[2] Recommendations were made by the Monitor on items to include in the MOU.

SUBSTANTIVE REMEDIAL MEASURES

A. Within six months of the effective date, the City, in consultation with the Police Independent Auditor and the United States, shall develop and implement a community input program to keep the community informed about the progress of its reforms as outlined herein and to hear ongoing community questions and concerns regarding the implementation of this consent decree. The community input program shall include a process for receiving and responding to input from interested members of the community.

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review) |
|---|---|---|---|
| Discussion with Chief Dubose. | The Chief does hold regular meetings with the Chief's Advisory Board, he has not yet provided them an update on the consent decree. Nor has the department developed a community input program. | Identify time, location, topic areas, and process for receiving and responding to input from community. | Non Compliance |

B. The community input program shall require at least one open community meeting every six months for the duration of this Agreement. A representative for the City shall be required to attend the open meeting so long as this Agreement is in place. A representative for the US will also attend. The open meetings shall inform the public about the requirements of this Agreement, the City's progress in each substantive area of the Agreement, and address community concerns related to the implementation of this agreement. The meetings shall be held in a location that is accessible to the public. At least one week before the open meetings, the City shall widely publicize the meetings using print media, radio, and the Internet.

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review) |
|---|---|---|---|
| Discussion with Chief Dubose. | No open community meeting has been held. | Develop framework, action plan, and identify participants (to include police, city representatives, and DOJ) for the open community meeting. | Non Compliance |

September 26, 2016

23

C. The community meetings shall include summaries of the Action Plan and Compliance Reports required by this Agreement during the period prior to the meeting and any policy changes or other significant actions taken as a result of this Agreement. The City shall make any written summary of policy changes or other significant actions taken as a result of this Agreement publicly available on a public website they create or maintain.

| Material, Evidence or Documentation Reviewed by Auditor | Findings | Tasks Needed to Come into Compliance | Compliance Level (at time of Review) |
|---|---|---|---|
| Discussion with Chief Dubose. | No summaries and other materials have been made available to the public. | Develop Action Plans and make Compliance Reports, revised policies, training curriculum, MOU and another materials developed under this agreement available during community meetings and in public locations. | Non Compliance |

September 26, 2016

24

## CONCLUSION & NEXT STEPS

The Independent Auditor continue(s) to hold conference calls every other week with key members of the Meridian Police Department Team, including Counsel and the Chief of Police. The calls are used to follow up on tasks, exchange information, conduct further interviews, and review additional documentation. We will be establishing due dates for completing certain tasks to ensure timely completion of tasks to come into substantial compliance with Settlement Agreement provisions.

My next on site compliance review visit should take place during the month of November 2016.

September 26, 2016

25